OPINION
{¶ 1} Plaintiff-appellant Wanda Dreibelbis appeals the November 25, 2002, Decision and Judgment Entry of the Ashland County Court of Common Pleas granting the Motion for Summary Judgment filed by defendant-appellee American Motorists Insurance Company, aka Kemper Insurance Company.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 3, 1999, appellant Wanda Dreibelbis was injured when the vehicle she was operating was struck by a vehicle operated by Erik McKean. As a result of the accident, appellant, who was driving her own vehicle at the time, suffered injuries to her ribs, spleen, neck and back.
 {¶ 3} At the time of the accident, McKean, the tortfeasor, was insured under a policy issued by Nationwide Insurance Company with liability limits of $12,500.00. Appellant's employer, Tribune Company, Inc., had in effect at the time of the accident a business auto insurance policy with a single liability limit of $1,000,000.00 per accident. The policy, which had an effective date of March 1, 1999, had been issued by appellee American Motorists Insurance Company, aka Kemper Insurance Company (hereinafter "AMICO").
 {¶ 4} Subsequently, on November 30, 2001, appellant filed a complaint against appellee AMICO and McKean. Appellant specifically sought underinsured motorist (UIM) coverage under the policy appellee AMICO had issued to Tribune Company, Inc., her employer. On June 24, 2002, appellee AMICO filed a Motion for Summary Judgment to which appellant responded by filing a "Cross-Motion for Partial Summary Judgment and Memorandum in Support Thereof and in Opposition to Motion of Defendant for Summary Judgment." Via a Stipulation for Partial Dismissal and Judgment Entry filed on October 29, 2002, appellant's claim against McKean was dismissed with prejudice after Nationwide Insurance Company, McKean's insurer, offered the limits of its policy.
 {¶ 5} As memorialized in a Decision and Judgment Entry filed on November 25, 2002, the trial court granted appellee AMICO's Motion for Summary Judgment while denying the Cross-Motion for Partial Summary Judgment filed by appellant. The trial court, in its entry, specifically held, in part, that "[t]he commercial automobile policy in question here defines an insured as `you for any covered auto.' This is significantly different that (sic) the `you' deemed ambiguous in Scott-Pontzer .In the within action, Plaintiff [appellant] was not operating a `covered auto' as defined herein, and therefore is not covered by these policies." The trial court further held that, pursuant to R.C. 3937.18(J)(1), an insurance company was entitled to restrict UIM coverage to vehicles specifically identified in the policy, that appellee had done so in this case, and that appellant's own vehicle was not a "covered auto."
 {¶ 6} It is from the trial court's November 25, 2002, Decision and Judgment Entry that appellant now appeals, raising the following assignments of error:
 {¶ 7} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE BASED ON ITS HOLDING THAT DEFENDANT-APPELLEE'S POLICY DID NOT HAVE THE AMBIGUITY IDENTIFIED INPONTZER.
 {¶ 8} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO APPLY THE REQUIREMENTS SET OUT IN LINKO, TO DEFENDANT-APPELLEE'S PURPORTED REJECTION OF UM/UIM.
 {¶ 9} "III. THE TRIAL COURT ERRED WHEN IT HELD THAT UM/UIM COVERAGE WHICH ARISES BY OPERATION OF LAW IS LIMITED TO `COVERED AUTOS' ONLY.
 {¶ 10} "IV. THE TRIAL COURT ERRED IN HOLDING THAT PLAINTIFF-APPELLANT WAS NOT ENTITLED TO UNINSURED/UNDERINSURED MOTORIST COVERAGE UNDER THE DEFENDANT-APPELLLEE'S BUSINESS AUTO POLICY.
 {¶ 11} "V. THE TRIAL COURT ERRED IN DENYING CROSS-MOTION OF PLAINTIFF-APPELLANT FOR SUMMARY JUDGMENT."
 STANDARD OF REVIEW {¶ 12} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor ."
 {¶ 13} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259,674 N.E.2d 1164, citing Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-107, 662 N.E.2d 264.
 {¶ 14} It is pursuant to this standard that we review appellant's assignments of error.
 I, II, III, IV, V {¶ 15} Appellant, in her five assignments of error, challenges the trial court's order granting summary judgment in favor of appellee and denying appellant's Motion for Summary Judgment. Appellant specifically contends the trial court erred in holding that appellee's policy did not have the ambiguity identified in Scott-Pontzer v. Liberty Mut. Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116; erred in failing to apply the requirements set out in Linko v. Indem. Ins. Co. of N. Am.,90 Ohio St.3d 445, 2000-Ohio-92, 739 N.E.2d 338, to appellee's purported rejection of UM/UIM coverage; erred in holding UM/UIM coverage that arises by operation of law is limited to "covered autos" only, and erred in holding appellant was not entitled to UM/UIM coverage under appellee's business auto policy.
 {¶ 16} At issue in the case sub judice is whether appellant is entitled to UIM coverage under the business auto insurance policy[1]
issued to Tribune Company, Inc. her employer, by appellee AMICO.
 {¶ 17} In the case sub judice, an "Uninsured/underinsured Motorist Coverage Selection/Rejection" form purportedly rejecting UIM coverage was signed by appellee's representative. The rejection is governed by R.C.3937.18, as amended by H.B. 261, effective September 7, 1997. As amended, R.C. 3937.18 states that a named insured may reject UM/UIM coverage if it is in writing and signed by the named insured. Prior to the amendment of R.C. 3937.18, the Ohio Supreme Court required four elements be met in order to satisfy the statutory requirement of a written offer of UM/UIM coverage. Linko v. Indemnity Ins. Co. of NorthAmerica, 90 Ohio St.3d 445, 2000-Ohio-92, 739 N.E.2d 338. In Linko, the Ohio Supreme Court held that the insurer must first inform the insured of the availability of UM/UIM coverage; secondly, set forth the premium for the coverage; thirdly, include a brief description of the coverage, and fourthly, expressly state the UM/UIM coverage limits in its offer. Id. at 447-449. If any of the elements are absent, there is no express offer and no rejection can be made as a matter of law. While Linko was a pre-H.B. 261 case, in Kemper v. Michigan Millers Mut. Ins. Co., 98 Ohio St.3d 162,2002-Ohio-7101, 781 N.E.2d 196, the Ohio Supreme Court held that the Linko requirements are applicable to policies of insurance to which R.C.3937.18, as amended by HB 261, is applicable. (Affirming this court's decision in Pillo v. Stricklin (January 28, 2002), Stark App. No. 2001CA203, 2002-Ohio-363).
 {¶ 18} Upon review, we find that the rejection form in the case sub judice does not comply with Linko, supra, since it does not sufficiently state the premium for UM/UIM coverage. A review of the rejection form, on its face, does not indicate the premium for the coverage being rejected. Furthermore, the rejection form does not disclose that UM/UIM coverage would be available up to the limits of the liability coverage. Since the rejection form did not comply with the requirements of Linko, supra., UM/UIM coverage therefore arose by operation of law in an amount equal to the $1,000,000.00 liability limits contained in the policy. See Morrison v. Emerson, Stark App. No. 2002 CA 00414, 2003-Ohio-2708.
 {¶ 19} This Court has previously looked to the language of the auto liability policy to determine who is an insured when the UM/UIM coverage arises by operation of law. See Huzyak v. Nationwide Ins. Co., Stark App. No. 2003CA00019, 2003-Ohio-4044. See also, Scott-Pontzer v.Liberty Mut. Fire Ins., 85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116.
 {¶ 20} The business auto policy, in Section II captioned "LIABILITY COVERAGE" states, in part, as follows: "[w]e will pay all sums an `insured' legally must pay as damages because of `bodily injury' or `property damage' to which this insurance applies, caused by an `accident' and resulting from the ownership, maintenance or use of a covered' auto'".
 {¶ 21} The named insured listed on the Declarations page is "Tribune Company." In addition, the business auto policy contains the following definition of an "insured" under Section II — Liability Coverage:
 {¶ 22} "Who Is An Insured
 {¶ 23} "The following are `insureds':
 {¶ 24} "a. You for any covered `auto'.
 {¶ 25} "b. Anyone else while using with your permission a covered `auto' you own, hire or borrow except:
 {¶ 26} "1) The owner or anyone else from whom you hire or borrow a covered `auto'. This exception does not apply if the covered `auto' is a `trailer' connected to a covered `auto' you own.
 {¶ 27} "2) Your `employee' if the covered `auto' is owned by that `employee' or a member of his or her household.
 {¶ 28} "3) Someone using a covered `auto' while he or she is working in a business of selling, servicing, repairing, parking or storing `autos' unless that business is yours.
 {¶ 29} "4) Anyone other than your `employees,' partners (if you are a partnership), members (if you are a limited liability company), or a lessee or borrower or any of their "employees," while moving property to or from a covered `auto'.
 {¶ 30} "5) A partner (if you are a partnership), or a member (if you are a limited liability company) for a covered `auto' owned by him or her or a member of his or her household.
 {¶ 31} "c. Anyone liable for the conduct of an `insured' described above but only to the extent of that liability."
 {¶ 32} The policy further states the word "you" and "your" refer to the Named Insured shown in the Declarations. Thus, the word "you" refers to Tribune Corporation.
 {¶ 33} The trial court, in its Judgment Entry, held the phrase "you for any covered auto" was not ambiguous and, since appellant was not occupying a "covered auto" at the time of the accident, she was not entitled to UM/UIM coverage under the subject policy. Appellant, in her brief, now argues she is an insured under the AMICO business auto policy pursuant to Scott-Pontzer, supra. because the phrase "you for any covered auto" contains the word "you" and, therefore, is ambiguous. In short, appellant argues the same ambiguity that existed in Scott-Pontzer exists in the policy in the case sub judice. We agree.
 {¶ 34} On the Declarations page of the policy, the symbol identifying "covered autos" for liability coverages is "I." Symbol "I" is defined in the policy as "any `auto.'" Because appellant was operating "any `auto,'" she is entitled to UIM coverage created by operation of law under AIMCO's policy.[2]
 {¶ 35} Appellant's assignments of error are sustained.
 {¶ 36} The judgment of the Ashland County Court of Common Pleas is reversed.
By: Hoffman, P.J., Farmer, J. concur.
[1] We note that while appellee, in its brief, argues that the same is not a motor vehicle automobile liability policy, as defined by R.C.3937.18, appellee never raised such issue in the trial court. Since such argument was not raised in the trial court, we shall not address the same on appeal.
[2] AIMCO's reliance on Egelton v. U.S. Fire Ins. Co., 2002-Ohio-6176 is misplaced. Egelton did not involve UIM coverage created by operation of law.